IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NOE PATINO-ARROYO,

      Petitioner,

v.                                                        No. 1:26-cv-00091-KG-DLM

KRISTI NOEM, et al.,

      Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

      This matter is before the Court on Noe Patino-Arroyo's 28 U.S.C. § 2241 habeas petition.

Docs. 1–2.  Despite service and an order to answer, the Government failed to file a response to

the petition.  Because Petitioner's challenge presents a purely legal question, the Court declines

to hold a hearing, *see* 28 U.S.C. § 2243, and grants the petition for the reasons below.

**I.**     *Background*

      Petitioner is a citizen of Mexico who entered the United States without inspection

approximately 26 years ago "and has resided in the United States for decades."  Doc. 2 at 6.  "On

August 13, 2025, Petitioner was taken into ICE custody in Florida and later transferred to the

Cibola County Correctional Center in Milan, New Mexico, where he remains detained."  *Id.*  The

U.S. Department of Homeland Security ("DHS") initiated removal proceedings against

Petitioner, but an Immigration Judge ("IJ") granted Petitioner's request for cancellation of

removal.  *Id.* at 6–7.  The IJ found that "Petitioner is the sole financial provider for his family

and that his wife provides full-time, around-the-clock care to their son…who has Down

syndrome, rendering [his wife] unable to work."  *Id.* at 7.  The Government appealed the IJ's

decision, and the appeal remains pending before the Bureau of Immigration Appeals ("BIA").

*Id.*  Petitioner asserts that he has "been categorically denied any bond hearing or individualized

custody determination and remains in mandatory detention despite having prevailed on his application for Cancellation of Removal in violation of the Immigration and Nationality Act ('INA') and Due Process."  *Id.* at 7–8.

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.    *Analysis*

For the reasons below, the Court finds that (A) 8 U.S.C. § 1226 governs Petitioner's detention, (B) Petitioner's detention violates his right to due process, and (C) the proper remedy is a bond hearing where the Government bears the burden of proof.

### A.    *Section 1226 governs Petitioner's detention.*

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted."  The "provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).  By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens "detained under this second detention regime are entitled to individualized bond hearings at the outset of detention."  *Pu Sacvin*, 2025 WL 3187432, at *1.

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here. *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts); *Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.) (Gonzales, J.). Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States." In contrast, § 1225(b)(2)(A)'s detention mandate applies only to noncitizens "*seeking* admission" (emphasis added). Noncitizens "seeking admission" are those who have not "effected an entry" into the United States. *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Noncitizens "who entered the country years earlier" are not "seeking admission," and therefore fall under § 1226 rather than § 1225(b)(2)(A). *Pu Sacvin*, 2025 WL 3187432, at *3.

Under this framework, § 1226 governs Petitioner's detention. ICE arrested him over 20 years after his initial entry into the United States and did not apprehend him at or near the border. Doc. 6–7. Accordingly, § 1225's mandatory detention provision does not apply because Petitioner effected an entry into the United States by living here for over 20 years. *Pu Sacvin*, 2025 WL 3187432, at *3.

       B.      *Petitioner's detention violates his right to due process.*

Courts analyze due process claims in two steps: first, whether there exists "a protected liberty interest under the Due Process Clause," and second, whether the procedures used to deprive that interest "accord with the Constitution." *Domingo v. Castro*, 2025 WL 2941217, at *3 (D.N.M.).

Here, Petitioner has a protected liberty interest.  Once released from immigration detention, noncitizens acquire "a protectable liberty interest in remaining out of custody on bond."  *Danierov*, 2026 WL 45288, at *2.  Petitioner's prior release allowed "him to do a wide range of things," including to live at home, work, and "be with family and friends and to form the other enduring attachments of normal life."  *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

Petitioner was also entitled to procedural safeguards before he was redetained.  In determining what process is due, courts consider (1) "the private interest" affected; (2) "the risk of erroneous deprivation" through the procedures used and the probable value of additional safeguards; and (3) "the Government's interest," including the fiscal and administrative burdens of additional procedures.  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

To start, Petitioner's private interest in remaining free from detention is substantial.  "Freedom from imprisonment...lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

There is also a significant risk of erroneous deprivation.  Although DHS may revoke release "at any time," courts require "a material change in circumstances as to whether the noncitizen poses a danger to the community or an unreasonable risk of flight" before revoking release.  *Danierov*, 2026 WL 45288, at *2.  Petitioner was redetained without a bond hearing.  Doc. 2 at 6.  No assessment was made as to whether any material facts had changed, creating a substantial risk of erroneous deprivation of his liberty interest.

Finally, the Government's interest in detaining Petitioner without a hearing is limited.  Petitioner complied with all conditions of his immigration proceedings, *id.*, and the administrative burden of providing a bond hearing is minimal.  *See Danierov*, 2026 WL 45288, at *2 (the "cost of providing a bond determination is not terribly burdensome").

4

C.     *The remedy is a bond hearing where the Government bears the burden of proof.*

The proper habeas remedy is a prompt bond hearing at which the Government must prove, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community. Although "under normal circumstances, the burden" at a § 1226 hearing "is on the noncitizen" to show that detention is unwarranted, Petitioner's "unlawful detention in violation of his constitutional rights shifts that burden to the Government." *Pu Sacvin*, 2025 WL 3187432, at *3. A noncitizen's "strong private interest in being free from civil detention" outweighs the Government's "comparatively minimal burden to justify custody." *Id.*

IV.     Conclusion

The Court therefore grants Petitioner § 2241 habeas petition, Doc. 2. The Court orders that the Government provide Petitioner with a bond hearing under § 1226(a) before an IJ within seven days of this Order. At that hearing, the Government must justify Petitioner's continued detention by clear and convincing evidence. If the Government fails to provide a bond hearing within that timeframe, it must release Petitioner.

The Court further orders the Government to file a status report within ten days of this Order confirming that it has provided Petitioner with a bond hearing or released him.

IT IS SO ORDERED

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.